## UNITED STATES v. WRIGHT.

(District Court, N. D. New York. July 15, 1915.)

1. CRIMINAL LAW ⟨⟩1069—APPEALS—ALLOWANCE OF APPEAL.

Defendant, when arraigned for a felony, pleaded guilty under the advice of counsel, and the court, after hearing both defendant and his counsel, imposed sentence. Six months thereafter, and after two terms of court had intervened, he petitioned to have an appeal allowed, further proceedings stayed, and the record and proceedings printed for the purpose of an appeal. An assignment of errors was attached to the petition, in which it was stated that defendant was unlawfully deprived of a jury trial. *Held*, that the petition would not be entertained, nor would any order for the purpose of bringing about a review be made.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2691–2699; Dec. Dig. ⟨⟩1069.]

2. CRIMINAL LAW ⟨⟩304—EVIDENCE—JUDICIAL NOTICE—COURT PROCEEDINGS.

On an application for the allowance of an appeal, a stay of proceedings, and to have the record printed for the purpose of an appeal, the court may take judicial notice that defendant was tendered a jury trial at the time of his arraignment, and that under advice of counsel of his own selection he voluntarily pleaded guilty.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 700–717, 2951½; Dec. Dig. ⟨⟩304.]

Ralph E. Wright was convicted of an offense. On petition for the allowance of an appeal, a stay of proceedings, etc. Petition denied.

This is an application by Ralph E. Wright, now serving a term in the United States penitentiary at Atlanta, Ga., for a flagrant violation of the Mann Act (Act June 25, 1910, c. 395, 36 Stat. 824 [Comp. St. 1913, §§ 8812–8819]). He was sentenced on a plea of guilty interposed in open court, having counsel of his own selection present, and after a full hearing on his plea for leniency, and after a full hearing in open court at the time of pronouncing sentence, made by his attorney and by himself. The petitioner asks to have an appeal allowed, further proceedings suspended and stayed, and that the record and proceedings, with all things concerning the same, be furnished and printed for the purpose of the appeal, and that an attorney be appointed to prosecute to the conclusion the appeal to the Supreme Court of the United States as provided by Act March 3, 1891, c. 517, 26 Stat. 826, and Act July 20, 1892, c. 209, 27 Stat. 252, and amendments by Act June 25, 1910, c. 435, 36 Stat. 866 (Comp. St. 1913, §§ 1626–1630), and Act March 3, 1911, c. 231, 36 Stat. 1087.

To this petition is annexed an assignment of errors, in which it is stated that the District Court erred in imposing sentence and judgment without a

trial by jury and a verdict by jury, and that the court was without jurisdiction to sentence the defendant without trial by jury, and that the defendant is therefore deprived of his liberty without due process of law. The assignment of errors also states that the defendant did not waive a jury trial and was without power to do so, as the offense charged was a felony.

Ralph E. Wright, in pro. per.

John H. Gleason, of Albany, N. Y., U. S. Atty.

RAY, District Judge (after stating the facts as above). [1] The defendant, Ralph E. Wright, was indicted at the December, 1914, term of this court, and the indictment was moved for trial in January, 1915, at a continuation of that term. The defendant was duly arraigned, and the trial duly moved. He was represented by able counsel. Acting under the advice of this counsel, he entered a plea of guilty. The court made careful inquiry into all the facts and circumstances of the case, and heard the plea of his counsel and his own statement in open court, before pronouncing sentence. The defendant was not deprived of a jury trial, but tendered one, but elected, under the advice of counsel, to enter a plea of guilty. After such plea was entered, both counsel for the defendant and the defendant himself were allowed to make a full statement as to why the sentence of the court should not then and there be imposed. No cause or reason for not imposing sentence on the plea of guilty was assigned or claimed. Thereupon sentence was imposed. About six months has elapsed since the imposition of such sentence. Two statutory terms of this court have intervened and been held since the final adjournment of the December term, at which such plea was entered and such sentence pronounced, viz., the February term at Albany, and the April term at Syracuse. No irregularity is alleged or claimed, except that the petition and assignment of errors falsely state that the defendant was denied a jury trial, and that sentence was imposed without jurisdiction, for the reason no jury trial was had. The petition is absolutely silent as to the fact that the defendant, under the advice of counsel when the case was moved, voluntarily entered a plea of guilty to the charge contained in the indictment.

[2] Under such circumstances this court is of the opinion it may take judicial notice of what occurred, and of the fact that the defendant was not denied a jury trial, but was tendered one at the time of his arraignment, when he was asked how he pleaded to the indictment, and that under the advice of counsel of his own selection he entered a plea voluntarily of guilty. No exception was taken or entered, and, as stated, no question was raised as to the power and jurisdiction of the court to impose sentence. There was no motion in arrest of judgment. Under such circumstances this court is of the opinion that it ought not, under the statutes referred to, to further entertain this application, or cause the record to be printed, or make any order in the premises to bring about a review by either the Supreme Court of the United States or the Court of Appeals of the proceedings, conviction, and sentence. The records of the court in this matter are before the court and will be deemed a part of this application.

The petition is denied, and there will be an order accordingly.